*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★ ★ ★ ★ ★



# MEMORANDUM OPINION

No. 04-10-00250-CV

Julia **CORNEJO**, Individually, and as Trustee and Trustor of the Gilbert T. Cornejo, Jr. and
Julia H. Cornejo Revocable Living Trust,
Appellant

v.

Robert **CORNEJO**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-07055
Honorable Antonia Arteaga, Judge Presiding

PER CURIAM

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Phylis J. Speedlin, Justice

Delivered and Filed:  July 28, 2010

DISMISSED FOR LACK OF JURISDICTION

Appellee Robert Cornejo ("Cornejo") has filed a motion to dismiss this appeal for lack of

jurisdiction, arguing that the trial court's order granting summary judgment is a non-appealable

interlocutory order. Appellant has not filed a response to Cornejo's motion to dismiss.

In his third amended petition, Cornejo, plaintiff in the underlying cause, included causes of action against appellant for both trespass to try title as well as breach of fiduciary duty.[1] Cornejo then filed a first amended motion for summary judgment on his trespass to try title claim. The trial court granted his first amended motion for summary judgment on his trespass to try title claim. Appellant then filed a notice of appeal, seeking to appeal the trial court's grant of summary judgment with regard to Cornejo's trespass to try title claim. However, as pointed out by Cornejo in his motion to dismiss, his breach of fiduciary duty claim is still pending in the trial court. Thus, Cornejo argues that the trial court's order is interlocutory, and we do not have jurisdiction over this appeal. We agree.

A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, the trial court's order granting Cornejo's motion for summary judgment is interlocutory because it does not dispose of all parties and causes of action. Thus, it is not a final and appealable order. Interlocutory orders may be appealed only if a specific statute authorizes such an interlocutory appeal. For example, section 51.014 of the Texas Civil Practice and Remedies Code lists circumstances under which a person may appeal from an interlocutory order of a district court, county court at law, or county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. We cannot, however, find any statutory authority that allows appellant to appeal from the trial court's interlocutory order in this case.

We, therefore, grant Cornejo's motion to dismiss and dismiss this appeal for lack of jurisdiction. We note that in his motion to dismiss, Cornejo also requests that we award him

---

[1] The clerk's record, by request of appellant, did not include Cornejo's third amended petition, but only included his original petition, which alleged a trespass to try title action. Noting that the clerk's record did not include his third amended petition, which added his claim for breach of fiduciary duty, Cornejo requested that the trial court clerk file a supplemental clerk's record.

damages under Texas Rule of Appellate Procedure 45, arguing that appellant filed a frivolous appeal. We, however, are not inclined to grant Cornejo's request for damages.

PER CURIAM